OPINION
This appeal is taken from a final judgment of the Lake County Court of Common Pleas. Appellant, Dennie L. Perry, challenges his five-year sentence on one count of involuntary manslaughter. For the following reasons, the judgment of the trial court is affirmed.
On May 26, 2000, appellant was indicted by the Lake County Grand Jury on one count of involuntary manslaughter, in violation of R.C. 2903.04(B), and one count of aggravated vehicular homicide, in violation of R.C.2903.06(A).[1] Appellant subsequently waived his right to be present at his arraignment, and the trial court entered a plea of not guilty on his behalf.
After negotiations with the state, appellant withdrew his earlier not guilty plea and entered an oral and written plea of guilty to the involuntary manslaughter charge. The trial court then accepted appellant's guilty plea, entered a nolle prosequi with respect to the remaining charge, and referred appellant to the Lake County Probation Department for the preparation of a presentence investigation report.
The sentencing hearing in this matter was held on September 28, 2000. At that time, the trial court sentenced appellant to a definite five-year term of imprisonment, the maximum sentence allowable for a third degree felony. In support of its sentence, the court found that appellant had committed the worst form of the offense, and that he posed the greatest likelihood of recidivism. The trial court also revoked appellant's driver's license pursuant to R.C. 4507.16.
From this judgment, appellant filed a timely notice of appeal. He now asserts the following assignment of error for our consideration:
 "The trial court erred by sentencing the defendant-appellant to the maximum term of imprisonment for a felony of the third degree."
 Under his sole assignment of error, appellant argues that when sentencing him to the maximum term of imprisonment, the trial court failed to make the statutorily required findings under R.C. 2929.14(C) on the record. Specifically, appellant maintains that the court did not find that he either committed the worst form of the offense, or that he posed the greatest likelihood of committing future crimes. In the alternative, appellant submits that even if the trial court properly made the aforementioned findings, it failed to provide its reasons for imposing the maximum prison term as required by R.C. 2929.19(B)(2)(d). We disagree.
In accordance with R.C. 2953.08, our review of a felony sentence is denovo. State v. Raphael (Mar. 24, 2000), Lake App. No. 98-L-262, unreported, 2000 WL 306776, at 2. However, this court will not disturb appellant's sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law. State v. Thomas (July 16, 1999), Lake App. No. 98-L-074, unreported, 1999 WL 535272, at 4, quoting State v. Rose
(Sept. 15, 1997), Clermont App. No. CA96-11-106, unreported, 1997 Ohio App. LEXIS 4161, at 5. Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Thomas at 4.
In State v. Edmonson (1999), 86 Ohio St.3d 324, the Supreme Court of Ohio addressed the statutory requirements for imposing a maximum sentence. In construing R.C. 2929.14(C) and R.C. 2929.19(B)(2)(d), the Court determined that "[i]n order to lawfully impose the maximum term for a single offense, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." Edmonson at 329.
The Supreme Court also noted that when imposing a maximum sentence based on one of the four criteria found in R.C. 2929.14(C), R.C.2929.19(B)(2)(d):
 "*** requires a trial court to `make a finding that gives its reasons for selecting the sentence imposed' if the sentence is for one offense and is the maximum term allowed for that offense, and requires a trial court to set forth its `reasons for imposing the maximum prison term.'" (Emphasis omitted.) Id. at 328, quoting R.C. 2929.19(B)(2)(d).
 As a result, this court has held that according to the new sentencing guidelines, the findings mandated by R.C. 2929.14(C) must appear somewhere on the record, whether it be the judgment entry, the transcript of the sentencing hearing, or somewhere on the record of the sentencing exercise. State v. Wilson (June 23, 2000), Lake App. No. 99-L-026, unreported, 2000 WL 816641, at 2. A sentence which merely recites the language of R.C. 2929.14(C) without any consideration of the statutorily relevant factors is insufficient. State v. Kase (Sept. 25, 1998), Ashtabula App. No. 97-A-0083, unreported, 1998 WL 682392, at 2. For meaningful review, the record must contain some indication, by use of specific operative facts, that the sentencing court considered the statutory factors in reaching its determination. Id.
R.C. 2929.14(C) limits the discretion of a sentencing court to impose a maximum sentence only on defendants who fall into one of the four following categories: (1) those who commit the worst form of the offense; (2) those who pose the greatest likelihood of committing future crimes; (3) certain major drug offenders; and (4) certain repeat violent offenders. Importantly, only one of the categories in R.C. 2929.14(C) need be met to impose the maximum sentence. Wilson at 4. Thus, even if an offender did not commit the worst form of the offense, the maximum sentence may still be imposed if a trial court concludes that the offender poses the greatest likelihood of committing future crimes.
Turning to the case at bar, the record shows that the trial court made the required findings both during the sentencing hearing and in its sentencing entry. For example, at the sentencing hearing, the trial court made the following findings:
 "The Court finds, I'll state it on the record again *** that you've committed the worst form of this offense and possess the greatest likelihood of committing future crime which, I've already stated."
 The trial court then reiterated its findings in the sentencing entry when it stated:
 "The Court further finds, for the reasons stated in the record, pursuant to Revised Code Section 2929.14(C) that the defendant has committed the worst form of the offense and the defendant poses the greatest likelihood of recidivism."
 As the preceding passages show, there is no question that the trial court made the findings required by R.C 2929.14(C). However, our inquiry does not end there. Rather, this court must now determine whether the trial court adhered to R.C. 2929.19(B)(2)(d) when imposing the maximum sentence. That is, we must review the record to see if the trial court put its reasons on the record for ordering appellant to serve the maximum sentence.
Although appellant challenges both of the findings made by the trial court, as was noted earlier, only one of the findings in R.C. 2929.14(C) need be met to impose the maximum sentence. Therefore, for purposes of discussion, this court will address appellant's second claim first.
In arguing that the trial court erred by sentencing him to serve a five-year prison term, appellant maintains that the court provided no support for its finding that he is likely to recidivate. While he acknowledges that he has had a troubled past, appellant now claims he has spent approximately the last five years "living a clean life and no longer engages in the behavior that got him into trouble when he was younger."
When finding that appellant posed the greatest likelihood of committing future crimes, the trial court stated the following during the sentencing hearing:
 "THE COURT: *** Mr. Perry does have an extensive prior record going all the way back to `86, he was sentenced to six months in prison; in `90 he was sentenced to six months in Lake County Jail, fleeing and eluding, breaking and entering. Judge Mitrovich sentenced him for theft, six months in prison, drug paraphernalia. He completed a drug treatment program, sentence[d] to do 175 days, 30 days Lake County Jail. I sentenced him back in `95 [on] attempted drug abuse and gave him a misdemeanor, which is highly just gave him a misdemeanor and put him on one year."
 After considering the totality of the circumstances, we cannot say that the evidence clearly and convincingly demonstrates that the trial court erred in concluding that appellant posed the greatest likelihood of recidivism. At the time he committed the current offense, appellant was already a recidivist offender who had been in prison and on probation several times. Appellant's lengthy criminal record as an adult dated back to 1986 and included felony convictions.
Furthermore, appellant's presentence investigation report shows that since 1990 appellant has been issued four citations for driving under suspension, and since 1998, he has received four citations for speeding. In fact, on the day of the accident, appellant was under a Financial Responsibility Act suspension because he did not have automobile insurance.
In response to this overwhelming evidence, appellant claims that the victim's death "is unfortunate[,]" and that "it was the result of an accident and not intentional or reckless behavior on [his] part." Nevertheless, appellant's prior criminal history shows that he has not been rehabilitated as he has continued to demonstrate an ongoing disregard for the legal system, and that he certainly poses a greater likelihood of committing future crimes.
Having determined that the trial court properly found under R.C.2929.14(C) that appellant poses a greater likelihood of recidivism, and that the court stated its reasons for making this finding on the record in accordance with R.C. 2929.19(B)(2)(d), appellant's claim that he did not commit the worst form of the offense is moot. Put another way, even if appellant did not commit the worst form of involuntary manslaughter, the decision to impose the maximum sentence is supported by the trial court's finding that appellant is an offender who poses the greatest likelihood of recidivism. Thus, based on our review of the record, we conclude that the trial court adequately fulfilled the requirements of R.C. 2929.14(C) and 2929.19(B)(2)(d), and did not err in imposing the maximum sentence on appellant.
As a result, appellant's sole assignment of error is not well-taken. The judgment of the trial court, therefore, is affirmed.
FORD, P.J., concurs with Concurring Opinion, GRENDELL, J., concurs.
[1] Both charges stemmed from an automobile accident in which the truck appellant was driving went left of center and collided with an oncoming motorcycle, killing the motorcycle's operator, Eric Triskett.